IN THE UNITED STATES DISTRICT COURT FOR THE **FILED**

WESTERN DISTRICT OF OKLAHOMA          **MAY - 7 2003**

ROBERT D. DENNIS, CLERK
U.S. DIST. COURT, WESTERN DIST. OF OKLA.
BY_____DEPUTY

ANDREW W. MARR, JR., ET AL.,          )
                                      )
            Plaintiffs,               )
v.                                    )          NO. CIV-03-0500-HE
                                      )
HAROLD H. HOLDEN, ET AL.,             )
                                      )
            Defendants.               )          **DOCKETED**

## ORDER

This case comes before the Court on the motion to dismiss of defendant Melvin R. Robinson. Like plaintiffs' complaint, the motion is filed *pro se.*

Although Mr. Robinson's motion is technically deficient in certain respects,[1] he alleges the complaint fails to state a claim. Fed.R.Civ.P. 12(b)(6). The Court has reviewed plaintiffs' complaint in some detail and concludes that the complaint does, indeed, fail to state a claim. Mr. Robinson's motion to dismiss is **GRANTED**. Further, the case is **DISMISSED** in its entirety.

Although plaintiffs' *pro se* complaint is confusing in many respects,[2] the essence of their claim or claims is clear. A dispute arose between plaintiff Marr[3] and others in 1995 in

---

[1]  *See Local Rules 5.1 and 7.2.*

[2]  *Pro se pleadings are held to less stringent standards than formal pleadings drafted by lawyers.* Haines v. Kerner, *404 U.S. 519, 520-21 (1972).*

[3]*Although there are two plaintiffs, Andrew Marr, Jr. and BioCon, Inc., references to "plaintiff" will be to Mr. Marr.*



connection with a "thermal reactor prototype," a device apparently designed by plaintiff for the purpose of disposing of medical or other waste. Incident to the dispute, plaintiff apparently took possession of the device and moved it to a location in Warr Acres, Oklahoma. Thereafter, during September of 1995, the device was taken by someone from the Warr Acres location. Criminal complaints were filed at that time by plaintiff, alleging theft of the device. Apparently the device was located in Ardmore, Oklahoma, and extensive litigation then ensued between plaintiff and various others, principally including defendant Harold Holden.[4] The disputes apparently included ownership of the device and the various rights of the parties as to it.

Plaintiffs now characterize their claims as ones for patent theft, patent infringement, or civil rights violations and seeks to invoke the jurisdiction of the federal courts on that basis. For present purposes, the specific nature of the underlying claims is not as important as their timing. Plaintiffs' complaint makes clear the events giving rise to their claim or claims occurred in 1995 and 1996, with some of the litigation related to them extending into

---

[4] *The complaint alleges the following civil suits were filed in state district court, Carter County, Oklahoma: No. CJ-95-404, No. CJ-96-176, No. CJ-95-565, No. CJ-95-404, No. CF-96-342, No. CM-98-820, and No. CJ-97-2794. Plaintiff also commenced a civil action in this court in 1996, alleging patent infringement claims against Harold Holden, Scott Holden and Environmental Thermal Systems, Inc., who are also defendants in this case. Case No. CV-96-1859. The Court's administrative closing order suggests the case was settled. The order indicated the case would be deemed dismissed with prejudice absent a further filing by a party. No such filing occurred by May 28, 1997, the (once extended) date set by the order. Plaintiff's complaint also alludes to a more recent 2002 filing in the District Court of Carter County, State of Oklahoma, termed a "RICO action" by plaintiff, referring to the same underlying events as those set forth in plaintiff's current complaint.*

1997. Thus, at least seven years has transpired since the events upon which plaintiffs now base their case.

Regardless of whether this case is deemed one for theft of patented equipment, patent infringement, a civil rights or RICO[5] violation, the applicable statute of limitations has run. *See* 12 Okla. Stat. § 95(3) (two year limitations period for injury to the rights of another not arising on contract);[6] 78 Okla. Stat. § 91 (three year statute of limitations for misappropriation of trade secrets); 35 U.S.C. § 286 (six year limitations period for patent infringement claims); 12 Okla. Stat. § 95(3) (two year limitations period for § 1983 actions in Oklahoma); Whitney v. New Mexico Guarantee Student Loan Agency, 105 F.3d 670 (10th Cir. Jan. 8, 1997)[7] (four year limitations period for RICO claims).  That circumstance being apparent from the face of plaintiffs' complaint, the Court concludes movant Robinson's motion to dismiss is well taken.  The conclusion that the applicable limitations period has run is equally applicable to the other defendants.

Accordingly, defendant Robinson's motion to dismiss is **GRANTED** and the case is **DISMISSED** in its entirety.  This ruling **MOOTS** the motion to dismiss filed by defendants Harold Holden, H. Scott Holden, Holden Energy Corp, Environmental Thermal Systems,

---

[5]*Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961-1968.*

[6]*To the extent the plaintiff is asserting claims for negligence or fraud, they, too, are untimely under the applicable two year statute of limitations.  12 Okla. Stat. § 95(3).*

[7]*Whitney is an unpublished decision cited for persuasive value only under 10th Cir. R. 36.3(B).*

Inc., Safe-Tire Disposal Corp., Recycled Energy Co., Recycled Energy Power Corp., Larry

Fenton, and Jean Toothman and the motion to dismiss filed by Tom Walker, Charles Roberts,

Gary Henry, Dennis Gay and Phil Stambeck.[8]

**IT IS SO ORDERED**.

Dated this 7th day of May, 2003.

JOE HEATON
UNITED STATES DISTRICT JUDGE

---

[8]*Mr. Stambeck's name is incorrectly spelled in the caption as "Stanbeck."*